# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GREGORY LEESEMANN, et. al., | : | |
| Plaintiffs, | : | Case No. 3:13cv00068 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon Ovington |
| LOWE'S HOME CENTERS, INC., et al, | : | |
| | : | |
| Defendants. | | |
| | : | |

## ORDER

This negligence case began in state court. Defendant Lowe's Home Centers, Inc. removed the case to this Court, pointing to the existence of diversity jurisdiction.

During the initial-disclosure phase required by Fed. R. Civ. P. 26(a), Plaintiffs learned the actual identity of the person – Dana Kuhn – who had been named as a John Doe Defendant in the Complaint. Consequently, Plaintiffs filed a motion to remand this case to state court on the ground that Kuhn's Ohio residency destroyed this Court's diversity jurisdiction.  Although Plaintiffs have not yet sought leave to amend their Complaint, they affirm in the motion to remand that they will be "moving to amend the complaint shortly" to identify Dana Kuhn as a Defendant and to substitute him in place of Defendant John Doe. (Doc. #6, PageID at 36).

The addition of Dana Kuhn as a defendant in this case might be warranted and may have an impact on resolution of the parties' contentions concerning Plaintiffs' pending motion to remand. Additionally, Fed. R. Civ. P. 15(a)(2) requires Plaintiffs to obtain leave to amend their Complaint before Dana Kuhn can be substituted as a defendant in place of John Doe. The Court therefore **ORDERS** Plaintiffs to file, **on or before May 31, 2013**, a Motion to Amend their Complaint with their proposed Amended Complaint attached.

May 17, 2013

                                                s/ Sharon L. Ovington
                                                   Sharon L. Ovington
                                         United States Magistrate Judge