# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY H. LEESEMANN, *et al.*,         :

      Plaintiffs,                    :        Case No. 3:13cv00068

 vs.                                     :        District Judge Walter Herbert Rice
                                    Chief Magistrate Judge Sharon L. Ovington

LOWE'S HOME CENTERS, INC.               :
doing business as Lowe's, *et al.*,
                                        :
      Defendants.

---

# REPORT AND RECOMMENDATIONS[1]

---

## I.    __Introduction__

      Plaintiff Gregory Leesemann alleges that he was injured by a forklift while he was unloading bundles from his truck "on the property of Lowe's Home Center in Springfield, Clark County, Ohio ...." (Doc. # 4, PageID at 25). Believing that his injuries resulted from negligence, Leesemann and his wife sued Defendant Lowe's Home Centers, Inc. (Defendant Lowe's) and others in Clark County, Ohio Court of Common Pleas. At that time, the Leesemanns did not know the name of the forklift operator, and they consequently listed one defendant as an unknown "John Doe," a forklift operator who was "in the employ...." of Defendant Lowe's at all relevant times. *Id.*, PageID at 25-26.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Defendant Lowe's removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. §1332. Defendant Lowe's states in its Petition for Removal, "the residency of John Doe Defendants should not be considered for purposes of removal. *See* 28 U.S.C. §1441(a)." (Doc. #1, PageID at 1).

The case is presently before this Court upon the Leesemanns' Motion for Remand (Doc. # 6), Defendant Lowe's Memorandum in Opposition (Doc. #10, the Leesemanns' Reply (Doc. #11), and the record as a whole.

## II.  <u>Discussion</u>

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is therefore permissible where the requirements of diversity jurisdiction are met – more specifically, "'where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states.'" *Williamson v. Aetna Life Ins. Co*., 481 F.3d 369, 375 (6th Cir. 2007) (quoting 28 U.S.C. § 1332(a)). "A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." *Id*.

When Defendant Lowe's removed this case to this Court, diversity of citizenship existed between Plaintiffs (Ohio citizens) and Defendant Lowe's (a citizen of North Carolina) and Defendant Anthem Blue Cross Blue Shield (a citizen of Indiana). There must, however, be complete diversity among the parties' citizenship at the moment of removal in order to maintain diversity jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. (3

2

Cranch) 267, 267 (1806); *see also V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006). Jurisdictional attention thus turns to the citizenship of the remaining Defendants:  First Source Employee Management and the previously unidentified John Doe forklift operator, whose identity and Ohio citizenship is now known.

First things first – First Source Employee Management is, like Plaintiff, an Ohio citizen. Defendant Lowe's acknowledges as much in its removal petition. (Doc. #1, PageID at 2). If the analysis stopped there, complete diversity between the identified parties would not exist, diversity jurisdiction would be defeated, and the case would be remanded to state court. *See Curry*, 462 F.3d at 540 (and cases cited therein). Defendant Lowe's steps around this potential problem by asserting that Plaintiffs' and First Source's interests are aligned and adverse to Defendant Lowe's, thus requiring realignment of the parties and thus creating diversity of citizenship between First Source and Defendant Lowe's. (Doc. #1, PageID at 2). This appears correct, *see Stallsworth v. Cox*, 3:13cv00064, 2013 WL 1867032 at *3, n.1 (S.D. Ohio May 2, 2013) (Black, D.J.); *see also Smith v. Gen. Motors Corp.*, 2:11cv00782, 2011 WL 5999865 at *2 (S.D. Ohio Nov. 30, 2011) (Sargus, D.J.), and Plaintiffs do not contend otherwise in their Reply, *see* Doc. #11.

Plaintiffs maintain that if the parties are realigned in the manner Defendant Lowe's proposes, then removal of this case was procedurally flawed because Defendant Lowe's did not provide notice of its removal petition to Defendant First Source, an adverse party,

3

as required by 28 U.S.C. § 1446(d).[2] This contention lacks merit because Defendant

Lowe's has established that it provided sufficient notice of its removal petition to

Defendant First Source's statutory agent, as shown by the copy of the Notice it attached

as an exhibit in support of its Memorandum in Opposition. *See* Doc. #10, Exh.3, PageId

at 90.

* * *

The parties' jurisdictional dispute thus turns to the effect of the now-known

identity and citizenship of Defendant John Doe.

The main legal principle in operation here establishes that a defendant is barred

from removing a state case to federal court under 28 U.S.C.§ 1441(b) "on the basis of

diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a

citizen of the State in which [the] action is brought.'" *Lincoln Prop. Co. v. Roche*, 546

U.S. 81, 90, 126 S.Ct. 606, 613 (2005).

On April 1, 2013, Defendant Lowe's identified Dana Kuhn as the John Doe

forklift operator and "his citizenship as Ohio." (Doc. #11, PageID at 92). Since then,

Plaintiffs have amended their Complaint, after obtaining leave of Court to do so. Their

First Amended Complaint replaced Defendant John Doe with Defendant Dana Kuhn.

---

[2] "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446.

(Doc. # 14). This staves off the application of the "general rule ... that diversity is determined at the time of the filing of the lawsuit." *Curry*, 462 F.3d at 540 (citing *Smith v. Sperling*, 354 U.S. 91, 93 & n. 1, 77 S.Ct. 1112(1957)). "[P]ersuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint." *Curry*, 462 F.3d at 540-41 (listing cases). Because Plaintiffs' First Amended Complaint identifies Dana Kuhn, forklift operator, as a Defendant and because his Ohio citizenship is the same as Plaintiffs', complete diversity between the parties no longer exists. *See Curry*, 462 F.3d at 540-41.

To avoid this diversity-jurisdiction defeating outcome, Defendant Lowe's contends that Dana Kuhn is a nominal Defendant and, as a result, his inclusion in this action does not destroy diversity jurisdiction. Defendant Lowe's argues that the original Complaint lists specific allegations of wrongdoing against Defendant Lowe's but "only a single reference to the actions of 'John Doe' without any specific allegation of wrongdoing other than the incident occurred while 'John Doe' was acting in the course and scope of his employment...." (Doc. #10, PageID at 64). Defendant Lowe's further argues that Plaintiffs assert their claims against Dana Kuhn in his capacity as Defendant Lowe's agent/employee. As such, Defendant Lowe's perceives that it is "the true target" of Plaintiffs' claims and "the necessary 'collision of interests' between Plaintiffs, on the one hand, and Kuhn on the other is nonexistent." *Id.*, PageID at 65.

"[A] federal court must disregard nominal or formal parties and rest jurisdiction

5

only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 1782 (1980)). "[A] formal or nominal party 'is one who has no interest in the result of the suit and need not have been made a party thereto.'" *Maiden v. N. Am. Stainless, L.P.*, 125 Fed. App'x 1, 3 (6th Cir. 2004) (quoting, in part, *Grant County Deposit Bank v. McCampbell,* 194 F.2d 469, 472 (6th Cir.1952)). "A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined." *Rose v. Giamatti*, 721 F.Supp. 906, 914 (S.D. Ohio 1989) (citation omitted); *see Certain Interested Underwriters at Lloyd's of London v. Layne,* 26 F.3d 39, 42-43 (6th Cir. 1994); *see also Maiden*, 125 Fed. App'x at 3 (6th Cir. 2004). "The real party in interest analysis turns upon whether the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief." *Layne*, 26 F.3d at 43. Ohio law is the governing substantive law over the negligence claims Plaintiffs raise in their original and First Amended Complaint. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938).

Plaintiffs based their Motion to Remand not on Defendant John Doe but on Dana Kuhn forklift operator even though they had yet to seek leave to amend their Complaint. As a result, Defendant Lowe's focused its opposition to Plaintiffs' Motion to Remand on the original Complaint and on Dana Kuhn. But, now that Plaintiffs have filed their Amended Complaint, complete diversity between the parties is measured under the allegations of the Amended Complaint. *Curry*, 462 F.3d at 540. Consequently, Defendant Lowe's misdirects its focus on Plaintiffs' original Complaint in its argument that Kuhn is

6

a nominal defendant.

Still, Defendant Lowe's contention that Dana Kuhn is a nominal party under the allegations of Plaintiffs' original Complaint lacks merit. Plaintiffs' allegations in their original Complaint, when taken as true, show that Kuhn was the primary actor in incident during which Gregory Leesemann was injured. Without Kuhn's alleged loss of control over the forklift, Gregory Leesemann would not have been injured in the manner described in Plaintiffs' original Complaint, and neither he nor Defendant Lowe's would face exposure to potential liability under Ohio negligence law. *See Wallace v. Ohio Dep't of Commerce*, 96 Ohio St.3d 266, 274, 773 N.E.2d 1018, 1025-26 (2002) (identifying one element of an Ohio negligence claim is the existence of "injury that is the proximate cause of the defendant's breach [of duty]."); *see also Bricker v. R & A Pizza, Inc*., 804 F. Supp.2d 615, 622 (S.D. Ohio 2011) (Watson, D.J.) (identifying "the employee's incompetence" as an element of negligent-hiring claim under Ohio law). Consequently, Plaintiffs' original Complaint raises sufficient allegations to demonstrate that Dana Kuhn is a real party in interest rather than a nominal defendant.

Dana Kuhn is not a nominal defendant for two additional reasons. First, the caption of Plaintiffs' original Complaint names Defendant John Doe "individually ..." thus revealing Plaintiffs intention to hold the unidentified forklift operator personally liable, in the event he is identified. *Id*. Second, paragraph 5 of the Complaint does not mention Defendant Lowe's; it instead alleges that Defendant John Doe's "actions were done with actual malice in a willful, wanton and reckless manner evidencing a conscious

7

disregard for the rights and safety of other persons and having a great possibility of causing substantial harm." *Id.* at 26. Plaintiffs are correct to assert that because paragraph is directed only at John Doe, it would be meaningless, or at least superfluous, without its allegations against John Doe and would not support a claim of negligence against Defendant Lowe's based on the theory of respondeat superior. *See Osborne v. Lyles*, 63 Ohio St.3d 326, 329-30 (1992) ("In general, 'an intentional and wilful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefor...'").

Defendant Lowe's correctly points out that the original Complaint repeatedly refers to "John Doe, employee and/or agent," but this does not negate the other aspects of Plaintiffs' Complaint – namely, John Doe's primary role in causing the injuries Gregory Leesemann suffered, the allegations against John Doe in paragraph 5 without mention of Defendant Lowe's, and Plaintiffs' caption identifying John Doe as a Defendant "individually ...."

More significantly, the diversity-jurisdiction analysis is properly attentive to the allegations of Plaintiffs' First Amended Complaint. *See Curry*, 462 F.3d at 540. Again, as in the original Complaint, the allegations of the First Amended Complaint, if fully credited, establish that Defendant Dana Kuhn was the primary actor in incident during which Gregory Leesemann was injured. Without Kuhn's purported negligence, Gregory Leesemann would not have been injured in the matter described in the First Amended

8

Complaint.

In addition,  Paragraph 5 of Plaintiffs' First Amended Complaint raises claims against Defendant Dana Kuhn individually by alleging that his "actions were done with actual malice in a willful, wanton, and reckless manner ...." without mention of Defendant Lowe's or Kuhn's capacity as an employee and/or  agent of Defendant Lowe's.  (Doc. #14, PageID at 116). As with John Doe paragraph 5 in Plaintiffs' original Complaint, reading Dana Kuhn's presence in the newly amended paragraph 5 to raise claims against him prevents paragraph 5 from being meaningless or superfluous. *See Osborne*, 63 Ohio St.3d at 329-30.

The First Amended Complaint raises other allegations against Kuhn individually. For example, Plaintiffs' allege, "As the proximate result of the negligence of Defendants Lowe's Home Centers d/b/a/ Lowe's, Lowe's Home Centers, Inc. and Dana Kuhn...," Gregory Leesemann sustained "severe and permanent  injuries" and certain monetary damages, such as medical expenses in excess of $110,535.38. *Id*. The First Amended Complaint then alleges, "The aforesaid negligence of Defendants, Lowe's Home Centers, Inc. d/b/a Lowe's, Lowe's Home Centers, Inc., and Dana Kuhn, was the proximate cause of the injuries and damages to Plaintiff, Gregory H. Leesemann." (Doc. #14, PageID at 116). Plaintiffs have therefore raised a claim of negligence against not only Defendant Lowe's but also Dana Kuhn, individually, thus exposing him to potential personal liability for his own negligence, if it is ultimately established. Consequently, Dana Kuhn is a real party in interest, not a nominal party, and his presence in this case destroys

9

diversity jurisdiction because he is an Ohio citizen, like Plaintiffs.

Defendant Lowe's lastly argues that joinder of Defendant Kuhn in an attempt to defeat jurisdiction is fraudulent. Given the allegations about Kuhn's central role in the accident that injured Gregory Leesemann, there is no indication in the record that he was "'improperly or collusively' named solely to create federal jurisdiction." *Roche*, 546 U.S. at 91, 126 S.Ct. at 614 (2005). In addition, any motive to destroy diversity jurisdiction by joining Kuhn as a Defendant is insignificant given his status as a real party in interest. *See Layne*, 26 F.3d at 42 (where "the nondiverse party is a real party in interest, it is immaterial that his joinder was motivated by a desire to destroy jurisdiction.").

Accordingly, Plaintiffs' Motion for Remand is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' Motion for Remand (Doc. # 6) be GRANTED, and the Clerk of the Court be directed to remand this case to the Clerk of the Clark County, Ohio Court of Common Pleas;

2. Plaintiffs' Motion for Hearing (Doc. #23) be denied as moot; and,

3. The case be terminated from the docket of this Court.


August 26, 2013                          _____ s/ Sharon L. Ovington _____
                                                      Sharon L. Ovington
                                         Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

11